10-1530-ag
Ouyang v. Holder

BIA
Nelson, IJ
A088 377 795

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19ᵗʰ day of April, two thousand eleven.

PRESENT:
> JOHN M. WALKER, JR.,
> JOSEPH M. McLAUGHLIN,
> ROBERT A. KATZMANN,
> *Circuit Judges.*

_____

Zongdang Ouyang,
> *Petitioner,*

> v.                                      10-1530-ag
>                                         NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,
> *Respondent.*

_____

FOR PETITIONER:      Gary J. Yerman, New York, NY.

FOR RESPONDENT:      Tony West, Assistant Attorney
                     General; Paul Fiorino, Senior
                     Litigation Counsel; Judith R.
                     O'Sullivan, Trial Attorney, Office
                     of Immigration Litigation, Civil
                     Division, United States Department
                     of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Zongdang Ouyang, a native and citizen of the People's Republic of China, seeks review of an April 2, 2010, order of the BIA affirming the May 21, 2008, decision of Immigration Judge ("IJ") Barbara A. Nelson, pretermitting his asylum application and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT").  *In re Zongdang Ouyang*, No. A088 377 795 (B.I.A. Apr. 2, 2010), *aff'g* No. A088 377 795 (Immigr. Ct. N.Y. City May 21, 2008).  We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA decision.  *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).  The applicable standards of review are well-established.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Substantial evidence supports the IJ's adverse credibility determination. The IJ's adverse credibility finding was based on several discrepancies among statements in Ouyang's written asylum application, testimony, and corroborating evidence. As the IJ found: (1) although Ouyang testified and indicated in his supplementary statement that he had resisted family planning officials each time his wife was forced to have an abortion, he omitted these details from his original asylum application; (2) although Ouyang's testimony and letters from his sister and his wife indicated that he was detained overnight, he omitted this detail from his asylum application and his supplemental statement; and (3) although Ouyang's testimony and a letter from his sister indicated that he was injured by a family planning official to such an extent that he required medical treatment, Ouyang omitted this detail from his asylum application and his supplemental statement. Because the IJ was entitled to rely on any discrepancy to find Ouyang not credible, the IJ properly relied on these inconsistencies. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (permitting a trier of fact to base a credibility determination on, *inter alia*, "the consistency between the applicant's . . . written and oral statements"; *see also Xiu*

3

*Xia Lin*, 534 F.3d at 166 n.3 (explaining that a "direct inconsistency" in an applicant's testimony and written submission "can serve as a proper basis for an adverse credibility determination").  Additionally, the IJ did not, contrary to Ouyang's contention, engage in improper speculation or bias when she noted that Ouyang amended his statements following the issuance of *Shi Liang Lin v. Mukasey*, 494 F.3d 296 (2d Cir. 2007) (en banc), as that observation was based on specific examples in the record. *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) (holding that although "bald" speculation is an impermissible basis for an adverse credibility finding, "[t]he speculation that inheres in inference is not bald if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience" (internal quotation marks omitted)).

Furthermore, the IJ reasonably declined to credit Ouyang's explanations that: (1) he failed to mention his overnight detention in his asylum application and supplementary statement because he forgot and because he did not consider the detention to be a "law enforcement agency

4

arrest or detention"; (2) he failed to mention his medical treatment in his asylum application and supplementary statement because the injury was not serious, particularly in comparison to his wife's forced abortion; and (3) his wife failed to mention his medical treatment in her letter because only his sister accompanied him to the hospital. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable factfinder to do so).

Accordingly, considering the totality of the circumstances, the IJ's adverse credibility determination was supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The adverse credibility determination in this case necessarily precludes success on Ouyang's claims for asylum and withholding of removal because those claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) ("[W]e have routinely decided . . . that a withholding of removal claim was meritless since the alien's asylum claim had failed on adverse credibility grounds."). Ouyang has abandoned any challenge to the denial of CAT relief.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk